COWDEN v. ST. JOHN *et al.*

*Appeal from Lucas District Court* — *Friday, April* 29.

FIXTURES.

On the 24th of November, 1857, B. R. St. John, and one Wilson, made their mortgage to complainant's assignor, upon certain town lots in Chariton, in this State. In April, 1860, proceedings were instituted to foreclose this mortgage, and a foreclosure ordered in May, 1861. Under the special execution issued on this judgment, the premises were sold to complainant, who, on the 29th of June of the same year, obtained a deed therefor. On the 11th of July following, the mortgagors surrendered the premises, and complainant, from that time, has continued to occupy and own the same, under the title so acquired. When the mortgage was executed, there were large and valuable improvements upon the lots.

February 15, 1860, the mortgagors verbally agreed with one J. E. St. John to lease to him a certain part of one of these lots, for the purpose of building a store house on the same, for the term of one year, with the privilege of three, with the understanding that the house should remain the property of the lessee, and that he should have the right to remove the same at pleasure. In April or May afterwards, and after he had commenced erecting the store house, a written lease was executed in accordance with the prior agreement, which is lost and its exact date is not shown. The store house was erected during the ensuing summer, consisting of a balloon frame, set upon posts extending into the ground, and was used by the lessee for the purposes of trade, until the 23d of July, 1861, when he removed, taking with him most of his goods, he retaining the key. The fence around the lots is fastened to the corners of the house. Complainant had no knowledge of the lease or the erection of the house, but the lessee at the time had notice of the mortgage. At the time of the

purchase, at the sheriff's sale, complainant had full information of the lessee's rights, and of his interest in said house.

In August, 1862, the lessee, as is averred and not denied, was about to remove their store house, and this proceeding was initiated to restrain such removal. On the hearing the bill was dismissed, the injunction dissolved, and complainant appeals. .

The Court being equally divided upon the question as to whether the building was a trade fixture, the judgment of the court below, by operation of law, stands

Affirmed.

*Baker* and *Wilkinson* for the appellant—*Perry* and *Stewart* for the appellee.